**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30173 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00082-BMM-1 |
| v. | |
| TONY JAMES BELCOURT, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30174 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00039-BMM-1 |
| v. | |
| TONY JAMES BELCOURT, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30175 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00017-BMM-1 |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

TONY JAMES BELCOURT,

      Defendant - Appellant.

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TONY JAMES BELCOURT,

      Defendant - Appellant.

No. 14-30176

D.C. No. 4:13-cr-00098-BMM-1

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted April 7, 2016[**]
Seattle, Washington

Before: GILMAN,[***] RAWLINSON, and CALLAHAN, Circuit Judges.

Defendant-Appellant Tony James Belcourt pled guilty pursuant to a global interdependent plea agreement to one count of theft from an Indian tribal government receiving federal funding, in violation of 18 U.S.C. § 666(a)(1)(A);

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

two counts of accepting a bribe, in violation of 18 U.S.C. § 666(a)(1)(B); and one count of federal income tax fraud, in violation of 26 U.S.C. § 7206(1). He now appeals his sentence and the district court's calculation of restitution.

1.      The district court reasonably concluded that Belcourt held a "high-level decision-making or sensitive position." U.S.S.G. § 2C1.2 cmt. n.3. Belcourt managed the tribal construction company, approved the disbursement of funds, possessed *de facto* power over important financial decisions that affected the tribe, and otherwise exerted substantial influence over the tribal construction company's decision-making processes. The district court's conclusion that Belcourt held a high-level decision-making or sensitive position was not clearly erroneous. *See United States v. Lloyd*, 807 F.3d 1128, 1176 (9th Cir. 2015) (stating standard).

2.      The district court did not clearly err in determining that Belcourt was an organizer or leader. *See* U.S.S.G. § 3B1.1(a). The district court referenced evidence that Belcourt directed payments to various entities, and those entities in turn redirected payments to Belcourt and his wife, often within days of the original payments. These activities constituted circumstantial evidence that Belcourt

directed others to act. Moreover, Belcourt admitted at the sentencing hearing that he organized and led others, stating: "[T]here was [sic] people above me, people below me . . . I had people below me. . . ." Nevertheless, Belcourt was the common denominator among numerous identified individuals and entities. *See United States v. Yi*, 704 F.3d 800, 807 (9th Cir. 2013) (upholding enhancement where "the defendant exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime") (citation omitted).

**3.** The district court's factual findings supporting the restitution amounts were not clearly erroneous. The district court did not abuse its discretion in denying the requested $200,000 offset in restitution because Belcourt did not show that the purported $200,000 in unpaid services compensated the Tribe for the theft and bribery. There was no proof that the tribe received $200,000 worth of services from Belcourt independent of the services he was expected to perform as Chief Executive Officer of the tribal construction company, a job for which he received an annual salary of $150,000. *See* 18 U.S.C. § 3664(j)(2) (explaining that the defendant may be entitled to an offset of "any amount later recovered as compensatory damages for the same loss by the victim").

4

**AFFIRMED.**[1]

---

[1] Appellee's Motion to Take Judicial Notice of Additional Documents Not Part of Record, filed on October 27, 2015, is **DENIED** as moot.